# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1467V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * *    *
                                                 *
                                                 *
BILLY BEENE,                                     *    Special Master Katherine E. Oler
                                                 *
                    Petitioner,                  *
                                                 *
v.                                               *    Filed: January 12, 2021
                                                 *
SECRETARY OF HEALTH AND                          *
HUMAN SERVICES,                                  *
                                                 *    Petitioner's Motion for a Decision;
                                                 *    Dismissal of Petition; Vaccine Act.
                    Respondent.                  *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * *    *
```

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

### I.       Procedural History

On September 24, 2019, Billy Beene ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed Guillain-Barré syndrome from the influenza vaccination he received on October 10, 2016.  Pet. at 1, ECF No. 1. Petitioner filed a statement of completion on October 7, 2020.  ECF No. 6.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On July 15, 2020, Respondent filed a Rule 4(c) Report stating that this case is not appropriate for compensation pursuant to the Vaccine Act.  Resp't's Rep. at 1, ECF No. 16.  More specifically, Respondent stated that

> [P]etitioner does not specially allege a Table claim, and [P]etitioner here does not meet the Qualifications and Aids to Interpretation (QAI) necessary to find such a Table Claim.  42 U.S.C. § 300aa-14(c)(15) (QAI); Petition at ¶ 42.  Petitioner does not allege a date upon which he began to experience symptomatology specifically due to GBS.  However, [P]etitioner's acute ascending weakness leading to his hospitalization occurred about one hundred days after vaccination on January 18, 2017.

*Id.* at 6.

On July 16, 2020, I issued an order for Petitioner to file a status report indicating how he would like to proceed in light of Respondent's Rule 4(c) Report.  *See* non-PDF Scheduling Order on 7/16/2020.  On September 14, 2020, Petitioner requested 60 days to file an expert report in support of his case.  Pet'r's Status Rep. on 9/14/2020, ECF No. 17.  On the same day, I issued an order for Petitioner to file an expert report by November 13, 2020.  *See* non-PDF Scheduling Order on 9/14/2020.  On November 15, 2020, Petitioner filed a Motion for Enlargement because he was unable to retain an expert "with sufficient time and resources to produce a report."  Pet'r's Status Rep. on 11/15/2020, ECF No. 18.  Petitioner requested 60 days to file a status report on how he wished to proceed.  *See id.*  On November 16, 2020, I granted that request, and gave Petitioner until January 12, 2021 to file a status report on how he would like to proceed.  *See* non-PDF Scheduling Order on 11/16/2020.

Petitioner filed the instant motion to dismiss his claim on January 12, 2021, stating "An investigation of the facts and science supporting his case demonstrated that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Pet'r's Mot. at 1, ECF No. 19.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed.  § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing his petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master